**Maria Victoria Gemma Roco RAMIREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75815.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2009.

Filed April 28, 2009.

Maria Victoria Gemma Roco Ramirez, Florence, AZ, pro se.

Grant Benjamin Gelberg, Carol Igoe, Esquire, Charles Lifland, O'Melveny & Myers LLP, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, Anthony Cardozo Payne, Senior Litigation

Counsel, Vanessa Lefort, U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, RAWLINSON and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Maria Victoria Gemma Roco Ramirez petitions for review of a final decision issued by the Board of Immigration Appeals (BIA) dismissing her pro se appeal. Ramirez was charged and pleaded guilty to forgery in violation of California Penal Code § 475(c). The Immigration Judge (IJ) found that Ramirez was removable, because her conviction was categorically an aggravated felony. The BIA affirmed the IJ's decision and further held she was not eligible for any relief from removal, specifically addressing Ramirez's claims for relief under the Federal First Offender Act, her prior military service, and her failure to understand the consequences of her plea. We have jurisdiction to review the petition under 8 U.S.C. § 1252(a). We grant the petition.

We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). For purposes of exhaustion, pro se appeals are held to a more lenient standard than counseled appeals. *See Barron v. Ashcroft,* 358

F.3d 674, 676 n. 4 (9th Cir.2004) (citing *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Liberally construing Ramirez's Notice of Appeal, we find that her administrative remedies were exhausted. *See Ladha v. INS,* 215 F.3d 889, 901 n. 13 (9th Cir.2000) (noting that claims may be exhausted as long as the alien provides the BIA with "sufficient reason to be aware of, and opportunity to review" her claim).

■ We review de novo the question of whether a state statutory crime constitutes an aggravated felony. *See Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000). We have held that a conviction under California Penal Code § 475(c) is not categorically a forgery offense. *See Vizcarra–Ayala v. Mukasey,* 514 F.3d 870, 877 (9th Cir.2008). Therefore, Ramirez's crime cannot be an aggravated felony under the categorical approach.

■ If a state statute is "categorically broader than the generic definition of a crime," as here, we then apply the modified categorical approach. *See Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (applying a two-step analysis, using first a categorical approach and then a modified categorical approach). However, because California Penal Code § 475(c) is missing an essential element of the generic forgery offense, we may not analyze this case under a modified categorical approach. *Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1073 (9th Cir.2007) (en banc) (holding modified categorical approach unavailable where the statute of conviction was missing an element of the generic definition).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

For the foregoing reasons, Ramirez has not been convicted of an "aggravated felony" such that she would be removable from the United States.

**PETITION GRANTED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.