**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4650**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LORENZO NELSON,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00168-JAB-1)

Submitted: January 22, 2009          Decided: February 25, 2009

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis Carr Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Nelson appeals his sentence to 160 months in prison after pleading guilty to bank robbery in violation of 18 U.S.C. § 2113(a) (2006). On appeal, Nelson contends that the district court abused its discretion when it sentenced him as a career offender pursuant to the advisory guidelines, because he is an atypical career offender. We affirm.

We review Nelson's sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. When reviewing a sentence on appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Nelson does not contend that the district court erred in calculating his advisory guideline range or that it failed to consider the factors under 18 U.S.C. § 3553(a) (2006) when imposing his sentence. Rather, he argues that because his two qualifying prior convictions for felony robbery with a dangerous

2

weapon and felony robbery are decades old, and because dire circumstances motivated the instant bank robbery, he is an atypical career offender and the district court did not give adequate weight to all of the § 3553(a) factors when sentencing him in the lower one-third of his guideline range.

We have reviewed the record and conclude that the district court did not abuse its discretion. The probation officer recommended a sentence at the high end of Nelson's 151 to 188-month guideline range because he had a long history of felony crimes of violence. Nelson requested a sentence below his guideline range, contending his recent history since being released from prison was more important in judging his personal history and circumstances, and the instant offense was motivated by dire personal circumstances. The Government requested that the district court follow the recommendation of the probation officer, because Nelson's prior robbery convictions were violent offenses, his recent criminal history included additional acts of violence, and the instant offense was very serious.

With respect to the nature and circumstances of the instant offense, the district court acknowledged that Nelson appeared to have committed the offense out of desperation due to the poor economic circumstances he was facing, but also found that bank robbery is a serious offense involving the safety of members of the public. As for Nelson's personal history and

3

circumstances, the court noted the extended period of time between the conduct that led him to be classified as a career offender and the instant offense, and that he did not have any convictions since 2000, but the court also noted he had violent conduct involving domestic disputes with his wife in 2000. Taking into account the § 3553(a) factors presented by Nelson, as well as the sentencing purposes of protecting the public and providing for punishment and deterrence, the court reasonably determined a sentence of 160 months was appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4