**Daniel SUSANTO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Daniel Susanto, Petitioner,**

v.

**Eric H. Holder, Jr., Attorney General, Respondent.**

Nos. 04–72272, 04–76148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2008.

Filed Feb. 27, 2009.

As Amended June 4, 2009.

Philip Smith, Allison Mosher, Esquire, Nelson Smith, LLP, Portland, OR, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, Oil, Joan Estelle Smiley, Esquire, Trial, Kohsei Ugumori, Esquire, David E. Dauenheimer, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Orp–District Director, Office of the District Counsel De-

partment of Homeland Security, Seattle, WA, for Respondent.

Before: PREGERSON and REINHARDT, Circuit Judges, and MARSHALL *, District Judge.

MEMORANDUM **

The Board of Immigration Appeals (BIA) affirmed without opinion the immigration judge's (IJ) denial of petitioner Daniel Susanto's asylum application,[1] based on the finding that Susanto's past experiences did not amount to past persecution and that Susanto did not establish a well-founded fear of future persecution because there was no "pattern or practice" of persecution against Christians, the Chinese minority, or homosexuals in Indonesia. The IJ failed, however, to consider another legal argument presented by Susanto: that he established the fear of future persecution by showing membership in a "disfavored group" coupled with "an individualized risk of being singled out for persecution." *Sael v. Ashcroft,* 386 F.3d 922, 925 (9th Cir.2004).[2] Although the government contended that our en banc decision in *Lolong v. Gonzales,* 484 F.3d 1173 (9th Cir.2007) (en banc), foreclosed this "disfavored group" analysis, we recently held in *Wakkary v. Holder,* 558 F.3d 1049 (9th Cir.2009) that the disfavored group analysis is available for both asylum and withholding claims, and that *Lolong* merely reaffirmed the principle that "*some* evidence of individualized risk is necessary for the petitioner to succeed." *Id.* at 1065 (emphasis added)."

We therefore grant the petition and remand for the BIA to consider Susanto's contention that he has a well-founded fear of future persecution based on his membership in a disfavored group. *See I.N.S. v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We do not decide the other issues raised in the petition, including Susanto's due process claim, and we dismiss as moot the petition for review of the BIA's denial of his motion to reopen. We recommend, however, that, in view of the IJ's insensitive comments regarding Susanto's attempt to lead a heterosexual life, the hearing be referred to a different IJ on remand. *See Mendoza–Mazariegos v. Mukasey,* 509 F.3d 1074, 1085 n. 16 (9th Cir.2007).

**PETITION FOR REVIEW GRANTED AND REMANDED WITH INSTRUCTIONS.**

---

* The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Susanto does not appeal the denial of withholding of removal or CAT relief.

2. The government at one point contended that Susanto failed to exhaust his "disfavored group" claim before the BIA. It later withdrew this argument. Although Susanto did not use the precise words, his argument was sufficient to put the BIA on notice that the disfavored group issue was raised. *See Vizcarra–Ayala v. Mukasey,* 514 F.3d 870, 873 (9th Cir.2008).