**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZINAIDA AVDALYAN, | No. 06-74894 |
| Petitioner, | Agency No. A078-442-910 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2009
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and HART, District Judge.[**]

Zinaida Avdalyan ("Avdalyan") petitions for review of the Board of

Immigration Appeals's (BIA's) denial of her motion to remand her case to the

Immigration Judge (IJ), so that she may apply for adjustment of status. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William T. Hart, Senior District Judge for the Northern District of Illinois, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a). We grant Avdalyan's petition for review, vacate the BIA's order, and remand for further proceedings.

Avdalyan, a then-seventy-four-year-old citizen of Armenia and native of Ukraine, traveled to Los Angeles International Airport with her grandson on February 3, 2003. Airport officials detained the travelers because the grandson's visa was a counterfeit. Avdalyan denied that she was aware that the visa was invalid, but officials charged her with removability for having "knowingly . . . encouraged, induced, assisted, abetted, or aided" another alien's attempt to enter the United States unlawfully. *See* 8 U.S.C. § 1182(a)(6)(E)(i). In addition to denying the alien-smuggling charge, Avdalyan sought asylum, withholding of removal, and protection under the Convention Against Torture.

Relying substantially on statements that Avdalyan made while detained at the airport, the IJ found that Avdalyan's testimony was not credible, found that Avdalyan was inadmissible for knowingly assisting her grandson's attempt to enter the United States illegally, and denied Avdalyan's requested asylum-related relief. The BIA reversed the IJ's adverse-credibility finding related to Avdalyan's asylum-related claims but nonetheless denied relief to Avdalyan because she did not prove that she was a refugee. The BIA also denied Avdalyan's motion to remand to permit her to seek to adjust her status, because the IJ's alien-smuggling

2

finding made her inadmissible. In an unpublished disposition, we remanded to the BIA. We stated, "On the one hand, the BIA determined the IJ's adverse credibility finding was not supported. On the other hand, the BIA upheld the IJ's inadmissibility finding. We remand for clarification of the basis upon which the BIA based its inadmissibility determination." *Avdalyan v. Gonzales*, 167 F. App'x 685, 685 (9th Cir. 2006).

On remand, the BIA held that even though Avdalyan was credible regarding her asylum-related claims, she did not appeal the IJ's finding that she was inadmissible for knowingly engaging in alien smuggling. The BIA also detailed the manner in which the IJ made its alien-smuggling finding, mentioned that the IJ considered "that the respondent had previously traveled to the United States and therefore should have known that the proper procedure for obtaining a visa for her grandson did not take place," and described the IJ's finding on alien smuggling as a "thorough and well-reasoned inadmissibility finding." Avdalyan timely petitioned for review.

We disagree with the government's analysis and contention that we should dismiss Avdalyan's petition because Avdalyan did not exhaust her claim before the BIA. *See* 8 U.S.C. § 1252(d)(1). Avdalyan satisfied the exhaustion requirement because the BIA addressed the merits of the issue on remand. *See Vizcarra-Ayala*

*v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008) ("[O]ur precedent is quite clear that claims addressed on the merits by the BIA are exhausted.") (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc)). In its clarification order, the BIA explained that it did not review Avdalyan's claim because she did not raise it on appeal. But the BIA then went on to analyze the IJ's finding in some detail, describing how the IJ considered the testimony of the immigration officers and interpreters, the testimony of Avdalyan, and the testimony of Avdalyan's son-in-law. The BIA further discussed how the IJ considered Avdalyan's previous travels to the United States as evidence that Avdalyan knew her grandson's visa must have been obtained improperly. This particular point had no pertinence on the asylum claim and quite obviously bears on the determination of inadmissibility for alien smuggling. Also, the BIA described the IJ's findings as "a thorough and well-reasoned inadmissibility finding." On this record we cannot but conclude that the issue of the inadmissibility finding was explicitly reviewed on the merits by the BIA and was, thus, exhausted. We now address the merits of the BIA's review.

We agree with Avdalyan that substantial evidence does not support the IJ's finding that she knew her grandson's visa was a counterfeit. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). The IJ must have a legitimate, articulable basis to question an alien's credibility and must offer a specific, cogent reason for

4

any stated disbelief. *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998). Mere speculation and conjecture cannot serve as a legitimate basis to make an adverse-credibility finding. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000) (per curiam).

Here, the IJ relied almost exclusively on Avdalyan's statements and alleged evasiveness during her airport detention to find that Avdalyan knew her grandson's visa was a counterfeit. Yet the BIA determined that Avdalyan's airport statements and conduct did not support an adverse-credibility finding and found Avdalyan to be credible. The IJ also did not cite any specific examples of inconsistencies or evasiveness in Avdalyan's testimony regarding how Avdalyan's relatives obtained the grandson's passport. *See Osorio v. INS*, 99 F.3d 928, 931 (9th Cir. 1996).

The government argues that Avdalyan's testimony that she did not want to ask her son-in-law how he obtained the grandson's visa sufficiently supports the conclusion that Avdalyan knew the visa was a counterfeit. But the IJ did not identify this testimony as supporting that conclusion. Moreover, even if the IJ had identified and explicitly relied upon that testimony, the inference that Avdalyan must have known the visa was a counterfeit is remote and speculative; Zinaida Avdalyan's decision to ask or not ask questions of her son-in-law could arise from many circumstances, as, for example, if she was concerned about the possibility

5

that her son-in-law paid a gratuity to an official to induce conduct that was lawfully due, or if culturally it was not correct for her to ask pointed questions of her son-in-law. In our view, it cannot be said that Avdalyan's failure to ask her son-in-law questions rationally supports the IJ's inference that she knew the visa he obtained for the grandson was a counterfeit.

Finally, the only remaining evidence on which the IJ relied—that Avdalyan had previously traveled to the United States and therefore must have known the proper procedures for obtaining a passport—is insufficient to find that Avdalyan knew her grandson's visa was obtained improperly, particularly since no one explained to Avdalyan how he obtained it. Substantial evidence does not support the IJ's finding that Avdalyan knowingly engaged in alien smuggling, which was based on impermissible speculation.

Because the evidence is insufficient to support a conclusion that petitioner had engaged in alien smuggling, we remand to the BIA with direction that it conclude that petitioner has not so engaged in alien smuggling, and that her request to adjust her status should be considered on the merits by the Immigration Judge and the BIA.

The petition for review is **GRANTED**, the BIA's order is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this disposition.

6