**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LUIS ALEJANDRO MARTINEZ-LEIVA, aka Alexander Martinez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74171 <br><br> Agency No. A012-870-529 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 12, 2012
Submission Withdrawn January 18, 2012
Resubmitted June 14, 2012
Pasadena, California

Before: REINHARDT and W. FLETCHER, Circuit Judges, and ZOUHARY, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jack Zouhary, District Judge for the U.S. District Court for Northern Ohio, sitting by designation.

Luis Alejandro Martinez-Leiva, a native and citizen of Costa Rica, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming a decision by an immigration judge ("IJ") finding him removable for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii), and denying him cancellation of removal under 8 U.S.C. § 1229b, INA § 240A, and a waiver of removability under 8 U.S.C § 1182(c), INA § 212(c). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition for review.

**1.** Martinez-Leiva contends that the IJ deprived him of a full and fair hearing in violation of due process because the IJ did not explain to him what was required to establish eligibility for relief. To succeed on his due process claim, Martinez-Leiva must show that he suffered prejudice as a result of the violation. *See Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000) ("The lack of a full and fair hearing, however, will not alone establish a due process violation. The alien must establish that []he suffered prejudice."). "Prejudice is shown if the violation potentially affects the outcome of the proceedings." *Agyeman v. INS*, 296 F.3d 871, 884 (9th Cir. 2002) (internal quotation marks omitted). Here, Martinez-Leiva has not shown how the outcome of the proceeding would have been different had the IJ

explained what was required to establish eligibility for cancellation of removal and a § 212(c) waiver. As discussed below, the evidence in the record shows that Martinez-Leiva was not eligible for either form of relief. Therefore, Martinez-Leiva has not shown that he was prejudiced by the alleged violation, and his due process claim fails.

**2.** The BIA did not err in relying on the abstract of judgment to find that Martinez-Leiva had been convicted of two crimes involving moral turpitude and that his 1994 conviction was for an aggravated felony. *See Kwong v. Holder*, 671 F.3d 872, 879-80 (9th Cir. 2011).

**3.** Martinez-Leiva exhausted his administrative remedies with respect to the finding of removability, as he asserted in his brief to the BIA that the IJ had erred in finding that he had been convicted of two crimes involving moral turpitude. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008). We agree with the BIA that Martinez-Leiva is removable for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), INA § 237(a)(2)(A)(ii). In 1994, Martinez-Leiva pled guilty to three counts of felony insurance fraud, in violation of Cal. Ins. Code § 1871.4(a)(2). In 2005, he pled guilty to two counts of felony insurance fraud, in violation of Cal. Ins. Code § 1871.4(a)(1). Both the 1994

Criminal Complaint and the 2005 Information, to which Martinez-Leiva pled guilty, charged him with making fraudulent or knowingly false statements for the purpose of obtaining workers' compensation benefits. Martinez-Leiva therefore admitted to making fraudulent or knowingly false statements for the purpose of obtaining a monetary benefit. Consequently, his crimes are crimes involving moral turpitude because they "involve knowingly false representation[s] to gain something of value." *Tijani v.Holder*, 628 F.3d 1071, 1075 (9th Cir. 2010) (internal quotation marks omitted); *see also Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008) ("Our cases hold that intent to defraud is implicit in the nature of the crime when the individual makes false statements in order to procure something of value, either monetary or non-monetary.").

**4.** We also agree with the BIA that Martinez-Leiva is ineligible for a § 212(c) waiver of removability because of his 2005 conviction. Relief is available to aliens who, on reliance on the availability of the waiver, pled guilty or were convicted after trial of certain crimes prior to the repeal of that waiver provision in 1996. *See Peng v. Holder*, 673 F.3d 1248, 1254-57 (9th Cir. 2012). Because Martinez-Leiva pled guilty to insurance fraud in 2005, he is not eligible for the waiver of removability under 8 U.S.C. § 1182(c), INA § 212(c).

4

**5.** Finally, we agree with the BIA that Martinez-Leiva is ineligible for cancellation of removal under 8 U.S.C. § 1229b, INA § 240A, because his 1994 conviction was an aggravated felony involving fraud or deceit for which the loss exceeds $10,000. Martinez-Leiva was convicted of a crime of fraud or deceit for making fraudulent or knowingly false statements for the purpose of obtaining workers' compensation benefits. Moreover, the abstract of judgment showed that, for his 1994 conviction, Martinez-Leiva was ordered to pay restitution in the amounts of $64,815.48, $42,234.72 and $4,045.99. Pursuant to Cal. Penal Code § 1202.4(f), the amount of restitution ordered is based on, and cannot exceed, the amount of loss to the victim. *See People v. Busser*, 113 Cal. Rptr. 3d 536, 541 (Cal. Ct. App. 2010) ("Victims are only entitled to an amount of restitution so as to make them whole, but nothing more, from their actual losses arising out of the defendants' criminal behavior."). Therefore, Martinez-Leiva was convicted of a crime of fraud or deceit in which the loss to the victim exceeded $10,000, an aggravated felony under 8 U.S.C. § 1101(a)(43)(M), INA § 101(a)(43)(M). As such, he is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3), INA § 240A(a)(3).

**6.** In closing, we note that DHS has discretionary authority to refrain from implementing its order of deportation, notwithstanding our denial of the petition.

We would hope that DHS consider petitioner's entire record before taking further action.

The petition for review is **DENIED**.