# FILED

AUG 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL VIZCARRA-AYALA, AKA Rafael Viscarra, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72294 <br><br> Agency No. A092-173-693 <br><br> MEMORANDUM[*] |
| RAFAEL VIZCARRA-AYALA, AKA Rafael Viscarra, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73839 <br><br> Agency No. A092-173-693 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, Senior District Judge.***

Rafael Vizcarra-Ayala, a legal permanent resident of the United States, petitions for review of (1) the Board of Immigration Appeals' (BIA) dismissal of his appeal of his removal order and (2) the BIA's subsequent denial of his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition.

As background, in May 2008, the BIA terminated ongoing removal proceedings against Vizcarra-Ayala, which were based on Vizcarra-Ayala's 2005 conviction for forgery in violation of California Penal Code § 475(c). The BIA did so in light of this court's decision in *Vizcarra-Ayala v. Mukasey,* 514 F.3d 870 (9th Cir. 2008), where we granted the petition for review, holding that California's forgery statute is not categorically an aggravated felony and that the government failed to establish Vizcarra-Ayala's removability under the modified categorical approach. In July 2008, the Department of Homeland Security (DHS) filed a motion to reopen proceedings, charging Vizcarra-Ayala with removability on two

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for Colorado, sitting by designation.

2

additional grounds. The grounds were based on Vizcarra-Ayala's convictions for burglary in October 1992 and controlled substance possession in July 1998. The BIA granted DHS's motion to reopen, citing its broad sua sponte authority to do so, and remanded to the IJ. On remand, the IJ found Vizcarra-Ayala removable based on the controlled substance conviction and ordered him deported to Mexico. Vizcarra-Ayala appealed the IJ's removal order. The BIA dismissed his appeal. Vizcarra-Ayala then moved for reconsideration. The BIA denied the motion for reconsideration.

We hold that the BIA improperly reopened removal proceedings against Vizcarra-Ayala, and therefore abused its discretion in denying Vizcarra-Ayala's subsequent appeal and motion to reconsider.

First, to the extent that the BIA reopened proceedings sua sponte, the BIA abused its discretion because Vizcarra-Ayala's case did not present a "truly exceptional situation[]", *In re G-D-*, 22 I. & N. Dec. 1132, 1134 (B.I.A. 1999), where reopening would "serve the interest of justice," *In re X-G-W*, 22 I. & N. Dec. 71, 73 (B.I.A. 1998). The BIA said our court's prior decision in *Vizcarra-Ayala v. Mukasey* presented an exceptional circumstance, but it did not. It is not exceptional for the Ninth Circuit to decide that a state criminal statute falls under either the categorical or modified categorical approach in determining whether a

3

crime is an aggravated felony for immigration purposes. *Cf. In re G-D-*, 22 I. & N. Dec. at 1135 (holding that a change in law constitutes an exceptional circumstance when it effects "a *fundamental change in the principles of the law* of asylum" (emphasis added)). *Vizcarra-Ayala v. Mukasey* created no fundamental change in the principles of immigration law. Because no truly exceptional circumstances were present, the BIA abused its discretion in reopening Vizcarra-Ayala's removal proceedings.

Second, the BIA did not properly reopen proceedings sua sponte. In response to the government's motion to reopen, the BIA stated "we will *grant* the motion to reopen" and ordered "[t]he motion is *granted*." (emphases added). Thus, by its express language, the BIA did not reopen the proceedings on its own motion, but rather granted the government's motion to reopen. In granting the government's motion, the BIA abused its discretion because the government's motion was not based on new evidence. *See* 8 C.F.R. § 1003.2(c) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered . . . was not available and could not have been discovered or presented at the former hearing . . . .").

For the foregoing reasons, we **GRANT** the petition for review and hold that the BIA abused its discretion in reopening proceedings against Vizcarra-Ayala.

The BIA therefore also abused its discretion in denying Vizcarra-Ayala's subsequent appeals of the removal order and motion to reconsider. We **REVERSE** the BIA's denial of these appeals and **REMAND** for the termination of Vizcarra-Ayala's removal proceedings.