**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTILIO ALFREDO ZALDANA-MORALES, | No. 12-73999 |
| Petitioner, | Agency Nos. A094-927-714 |
| v. | |
| LORETTA E.  LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

Rutilio Alfredo Zaldana-Morales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

dismissing his appeal from an Immigration Judge's ("IJ") decision denying his request for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We grant his petition for review and remand his case to the BIA for further proceedings.

We have jurisdiction pursuant to 8 U.S.C. § 1252.[1] A BIA determination that an applicant is not eligible for asylum, withholding of removal, or CAT relief "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation marks omitted).

Zaldana-Morales sought asylum and withholding of removal based upon past persecution and fear of future persecution due to the fact that he had come forward as a witness against violent gang activity in El Salvador, and identified a specific person as a leader of this gang activity. In rejecting this claim, the BIA did not have the benefit of our *en banc* decision in *Henriquez-Rivas v. Holder*, 707

---

[1] We reject the Government's argument that this Court does not have jurisdiction to hear Zaldana-Morales's appeal because he failed to exhaust his administrative remedies with regard to his asylum and withholding of removal claims based on his purported membership in a protected group of witnesses against gangs. Because the BIA had notice of Zaldana-Morales's claims and specifically commented on their merits, the claims are properly exhausted. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008) ("The BIA had notice of the claim and ruled on the merits. There was therefore adequate exhaustion.").

F.3d 1081 (9th Cir. 2013), holding that Salvadoran witnesses who testified against gang members could constitute a protected social group for asylum purposes. Accordingly, we remand this matter to the BIA to consider in the first instance the impact of *Henriquez-Rivas* on the asylum and withholding of removal application made by Zaldana-Morales.

Moreover, we find that the BIA's holdings that Zaldana-Morales failed to sustain his burden of proving past persecution or a well-founded fear of future persecution on account of a protected ground, as well as eligibility for withholding of removal and CAT protection, cannot be sustained on the basis of the present record. In this regard, the record does not include any information to sustain the BIA's assertion that the person identified by Zaldana-Morales as the alleged perpetrator of gang activity was prosecuted. Nor does the record support the finding that Zaldana-Morales' identification of the responsible gang leader to the police was not a central reason for the gang's threat against his life. The record also does not contain country condition reports and is otherwise inadequate for the BIA to make a full and fair determination regarding whether Zaldana-Morales had a reasonable fear of future persecution and whether he was eligible for protection under the CAT. We therefore remand the case to the BIA to further develop the administrative record with evidence regarding the country conditions in El

3

Salvador at the time Zaldana-Morales left the country.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**