**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY JOSSELIN HERRERA-MEJIA, | No. 23-513 |
| Petitioner, | Agency No. A201-354-729 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2024[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Cindy Josselin Herrera-Mejia ("Herrera-Mejia"), a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") decision denying asylum and withholding of removal. For the first time in this court, Herrera-Mejia also raises two issues for remand: an improper removability charge and the IJ's failure to advise Herrera-Mejia of her right to voluntary departure.

We deny the petition for review as to Herrera-Mejia's asylum and withholding of removal. We also deny her voluntary departure claim and improper charge of removability claim for failure to exhaust the claims.

We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review for substantial evidence the factual findings underlying the agency's denials of asylum, withholding of removal, and CAT relief. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481

2

n.1 (1992). Because the parties are familiar with the history of the case, we need not recount it here.

## I

Substantial evidence supports the finding that Herrera-Mejia has not demonstrated that she suffered persecution by perpetrators that the government was unable or unwilling to control. Therefore, the agency properly denied her asylum claim.

In order to allege past persecution, an applicant must establish "(1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Because gang members are nongovernmental actors, Herrera-Mejia was required to show that the government is "unable or unwilling" to control them. *See Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013); 8 U.S.C. § 1101(a)(42)(A). The BIA found that she failed to satisfy this burden. To support its conclusion, the BIA relied on the Country Conditions Report, which showed some degree of a functioning judiciary, and the fact that the alleged incidents of persecution were never reported to the police.

Although Herrera-Mejia was not required to report the relevant incidents to the police, she needed to provide evidence that the police were unwilling or unable to act. *See Rahimzadeh v. Holder*, 613 F.3d 916, 921 (9th Cir. 2010). Her conclusory statement that the incidents occurred near the police station and her belief that the police would do nothing were not sufficient to carry her burden. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not compel a finding that the government was unwilling or unable to control agent of persecution).

Given that Herrera-Mejia was not able to "establish[] eligibility for asylum, it necessarily follows that [she] has not established eligibility for withholding." *Duran-Rodriguez*, 918 F.3d at 1029.

## II

Herrera-Mejia failed to exhaust her voluntary departure claim and improper charge of removability claim before the agency, and failed to show exhaustion was not required. Therefore, we do not consider the claims.

Herrera-Mejia was required to "exhaust[] all administrative remedies available . . . as of right." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting 8 U.S.C. § 1252(d)(1)). Exhaustion is a statutory requirement preventing

4

this court from considering claims not presented in administrative proceedings below. 8 U.S.C. § 1252(d)(1). While "[a] petitioner cannot satisfy the exhaustion requirement by making a general challenge" to the BIA's decision, the petitioner "need not . . . raise the precise argument below." *Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (per curiam) (quoting *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008)).

Here, as the government asserts, Herrera-Mejia directly conceded the charge of removability in immigration court, and never contested its validity before the agency. Herrera-Mejia failed to exhaust her claim in front of the agency and failed to assert why an exception to the requirement was warranted. Therefore, the claim is unexhausted, and we deny this portion of the petition.

Similarly, Herrera-Mejia did not raise her voluntary departure claim in front of the agency. An argument is forfeited when it is not exhausted. *See Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his claims."). Herrera-Mejia failed to exhaust her voluntary departure claim in front of the agency, and failed to assert why an exception to the requirement was warranted. The claim is unexhausted and, therefore, we also deny this portion of the petition.

**PETITION DENIED.**

5