**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



HERNAN DARIO TASCON-MARIN;
DIANA CAROLINA VARELA-SARRIA;
MANUELA TASCON-VARELA; S. T.-V.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-3614

Agency Nos.
A246-178-551
A246-178-552
A246-178-565
A246-178-564

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Hernan Dario Tascon-Marin and his wife and children, citizens

and natives of Colombia who relocated to the United States from Chile, petition for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the decision of the Immigration Judge ("IJ").[1] The IJ denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). "We review de novo the BIA's determinations on questions of law. We review for substantial evidence the BIA's factual findings . . . ." *Id.* at 1076 (citation omitted). Under the "highly deferential substantial evidence standard . . . the agency's findings of fact are considered 'conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary.'" *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

1. The BIA dismissed Petitioners' appeal with respect to their claims for asylum and withholding of removal because it determined that, in their appeal to the BIA, Petitioners

> ha[d] not meaningfully challenged the Immigration Judge's determinations that they did not identify a cognizable particular social group or nexus to an enumerated ground (including political opinion), did not establish a well-founded fear of persecution or that it is more likely than not they will be

---

[1] Petitioner Tascon-Marin's children are derivative applicants.

persecuted upon return to Colombia or Chile, and that Colombian or Chilean authorities are unable or unwilling to protect them against future threats or harm.

While Petitioners did meaningfully challenge the IJ's determination regarding a well-founded fear of persecution, we agree that Petitioners' appeal to the BIA did not challenge the IJ's determinations that they had not identified a cognizable particular social group and that they had not established a nexus between the persecution they feared and any of their proposed social groups or political opinions.

"[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Petitioners therefore have not exhausted their challenge to the agency's determinations that they have not established the cognizability of their proposed particular social groups and that they have not established a nexus between the persecution they fear and any protected ground.

The exhaustion requirement of 8 U.S.C. § 1252(d)(1) is a "mandatory[] claim-processing rule" and so, "[b]ecause the Government here has properly raised the exhaustion requirement," we are barred from reviewing the agency's determination of these issues. *Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir.

3                                    25-3614

2024); *see also id.* at 1158 (holding that though "an alien 'need not . . . raise the *precise* argument below' that he or she now makes in a petition for review in this court," he or she must still "specify which *issues* form the basis of the appeal" (first quoting *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008); and then quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023))). Because these determinations are dispositive of Petitioners' claims for asylum and withholding of removal, we deny the petition as to those claims. *See Reyes v. Lynch*, 842 F.3d 1126, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes . . . 'demonstrating the existence of a cognizable particular social group . . . .'" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014), *vacated in other part by Reyes*, 842 F.3d at 1140–43)); *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1040 (9th Cir. 2024) ("A petitioner seeking asylum must establish a nexus between the persecution and a protected ground."), *as amended*; *see also id.* (stating nexus requirement for withholding of removal).

2. "To qualify for CAT relief, an alien must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal,'" here, Colombia. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)), *as amended*. Petitioners argue they are likely to be tortured if removed to Colombia because, while living there,

Petitioner Tascon-Marin was pulled out of a car and "threatened with death for refusing to collaborate" with an armed group. Moreover, eight years later, he was told that he was "going to see what[']s going to happen" when he refused to pay an "extortion fee" to a different armed group.

Substantial evidence supports the BIA's determination that Petitioners "have not demonstrated that they will be subjected to torture." "There is no indication that [Petitioners] suffered from past torture, and 'the record . . . does not *compel* the conclusion that [Petitioners] face[] any ongoing or particularized threat of torture.'" *Rodriguez-Hernandez v. Garland*, 89 F.4th 742, 753–54 (9th Cir. 2023) (second alteration in original) (quoting *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022), *as amended*) (finding no error in the BIA's denial of CAT relief where petitioner's family "received a threatening call warning that [he] would be kidnapped when he returned to Mexico if his family did not pay '25,000 pesos'" but his family did not do so and was not harmed).

**PETITION DENIED.**[2]

---

[2] The stay of removal (Dkt. No. 4) will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.