**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| MARY WAIRIMU KARIUKI, | No. 08-73492 |
| Petitioner, |  |
| v. | Agency No. A098-510-458 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2010
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[**]

Mary Wairimu Kariuki, a native and citizen of Kenya, petitions for review of

the Board of Immigration Appeals' ("BIA") denial of her application for

withholding of removal, and its affirmance of the Immigration Judge's ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

adverse credibility finding. We grant the petition, reverse the adverse credibility finding, and remand to the BIA pursuant to *INS v. Ventura*, 537 U.S. 12 (2002).

The government argues that we lack jurisdiction because Kariuki's former counsel, Bakary Fansu Conteh, failed to timely file an appeal brief to the BIA, and that Kariuki thus failed to exhaust her administrative remedies.[1] However, "our precedent is quite clear that claims addressed on the merits by the BIA are exhausted." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). On the basis of the Notice of Appeal from a Decision of an Immigration Judge, which specified that Kariuki appealed the IJ's adverse credibility determination, the BIA reviewed the IJ's findings and issued a decision on the merits. Kariuki thus properly exhausted her remedy of appeal before the BIA, and we have jurisdiction over her petition pursuant to 8 U.S.C. § 1252.

The BIA affirmed the IJ's adverse credibility determination, finding that it was implausible that Kariuki would have been subject to female genital mutilation ("FGM") as an adult woman, that she offered "vague and general" testimony that she was subject to FGM at the hands of the Mungiki, and failed to offer corroborating evidence. However, the IJ's finding that Kariuki would not be

---

[1] We note that failure to file an appeal brief before the BIA constitutes a basis for ineffective assistance of counsel. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004).

2

subject to FGM as an adult woman is based on pure speculation, and is therefore unsupported by substantial evidence. *Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir. 1999). We have already determined that adult women are often subject to FGM. As we have found, "[f]emale genital mutilation involves the cutting and removal of all or some of a girl or a woman's external genitalia." *Mohammed v. Gonzales*, 400 F.3d 785, 789 (9th Cir. 2005) (citing *In re Kasinga*, 21 I. & N. Dec. 357, 361 (BIA 1996)).

The BIA also erred in finding that Kariuki was not credible because she provided "vague and general" testimony that she was subjected to FGM at the hands of the Mungiki. Kariuki provided specific testimony that she had not been subject to FGM as a child because of her parents' Christian background, that local Mungiki women knew which women had not yet undergone the procedure, and that the Mungiki forced FGM upon those women. Kariuki, moreover, provided additional evidence that adult women in Kenya have been subjected to FGM, and that the identity of those who have not undergone FGM is publicly known in local communities.

The BIA further erred in affirming the IJ's adverse credibility finding on the basis that Kariuki did not provide record evidence that the Mungiki existed in 1972, and on the basis of Kariuki's confusion as to the date on which the FGM

3

occurred. To serve as a basis for an adverse credibility finding, "the petitioner must be given an opportunity at [her] IJ hearing to explain [her] failure to produce material corroborating evidence." *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000); *see also Akinmade*, 196 F.3d at 957. Here, the IJ provided no notice or opportunity for Kariuki to explain her failure to include corroborating evidence as to the Mungiki's practice in 1972. The IJ similarly failed to provide Kariuki with a "reasonable opportunity to offer an explanation of any perceived inconsistencies" as to the date of the FGM. *Quan v. Gonzales*, 164 F.3d 448, 450 (9th Cir. 1999).

The BIA further erred in upholding the IJ's adverse credibility determination on the basis of Kariuki's affirmative admission that her asylum application was false, and because her former counsel failed to file an amended application. We have "recognized that preparers, whether lawyers or non-lawyers, are not always scrupulous." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (citing *Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir. 2003). Here, Kariuki immediately informed the IJ that the information in the application was not true, and explained that the application had been completed and submitted by an unscrupulous preparer, who had "stretched the facts without informing [her]." *Garrovillas*, 156 F.3d at 1014. Moreover, her "revised story served to lessen the degree of persecution [she] experienced, rather than to increase it." *Id.* Because

4

"[i]nconsistencies due to an unscrupulous preparer, without other evidence of dishonesty . . . do not provide a specific and cogent basis for an adverse credibility finding," *Alvarez-Santos*, 332 F.3d at 1014, we conclude that the BIA's adverse credibility finding was not supported by substantial evidence.

**PETITION GRANTED; REMANDED.**

Kariuki v. Holder, 08-73492

GOULD, Circuit Judge, Dissenting:

I respectfully dissent, believing that the record does not compel the conclusion that Kariuki was credible, and instead a rational fact-finder could have found she was not. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). Kariuki admitted that she had submitted a false asylum application, she never submitted a corrected one, and, for these and other reasons in the record, the IJ permissibly could determine her not to be credible. Despite facts that if credited would render Kariuki a sympathetic claimant, and one that the majority would like to present with a second chance for litigation forestalling removal, it is not our role to supplant the responsible agency's decision on credibility when, as here, it is supported by substantial evidence.