MEMORANDUM **
Mary Wairimu Kariuki, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of her application for withholding of removal, and its affirmance of the Immigration Judge’s (“IJ”) adverse credibility finding. We grant the petition, reverse the adverse credibility finding, and remand to the BIA pursuant to INS v. Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).
The government argues that we lack jurisdiction because Kariuki’s former counsel, Bakary Fansu Conteh, failed to timely file an appeal brief to the BIA, and that Kariuki thus failed to exhaust her administrative remedies.[1] However, “our *361 precedent is quite clear that claims addressed on the merits by the BIA are exhausted.” Vizcarra-Ayala v. Mukasey, 514 F.3d 870, 874 (9th Cir.2008). On the basis of the Notice of Appeal from a Decision of an Immigration Judge, which specified that Kariuki appealed the IJ’s adverse credibility determination, the BIA reviewed the IJ’s findings and issued a decision on the merits. Kariuki thus properly exhausted her remedy of appeal before the BIA, and we have jurisdiction over her petition pursuant to 8 U.S.C. § 1252.
The BIA affirmed the IJ’s adverse credibility determination, finding that it was implausible that Kariuki would have been subject to female genital mutilation (“FGM”) as an adult woman, that she offered “vague and general” testimony that she was subject to FGM at the hands of the Mungiki, and failed to offer corroborating evidence. However, the IJ’s finding that Kariuki would not be subject to FGM as an adult woman is based on pure speculation, and is therefore unsupported by substantial evidence. Akinmade v. INS, 196 F.3d 951, 957 (9th Cir.1999). We have already determined that adult women are often subject to FGM. As we have found, “[fjemale genital mutilation involves the cutting and removal of all or some of a girl or a woman’s external genitalia.” Mohammed v. Gonzales, 400 F.3d 785, 789 (9th Cir.2005) (citing In re Kasinga, 21 I. & N. Dec. 357, 361 (BIA 1996)).
The BIA also erred in finding that Kar-iuki was not credible because she provided “vague and general” testimony that she was subjected to FGM at the hands of the Mungiki. Kariuki provided specific testimony that she had not been subject to FGM as a child because of her parents’ Christian background, that local Mungiki women knew which women had not yet undergone the procedure, and that the Mungiki forced FGM upon those women. Kariuki, moreover, provided additional evidence that adult women in Kenya have been subjected to FGM, and that the identity of those who have not undergone FGM is publicly known in local communities.
The BIA further erred in affirming the IJ’s adverse credibility finding on the basis that Kariuki did not provide record evidence that the Mungiki existed in 1972, and on the basis of Kariuki’s confusion as to the date on which the FGM occurred. To serve as a basis for an adverse credibility finding, “the petitioner must be given an opportunity at [her] IJ hearing to explain [her] failure to produce material corroborating evidence.” Sidhu v. INS, 220 F.3d 1085, 1091 (9th Cir.2000); see also Akinmade, 196 F.3d at 957. Here, the IJ provided no notice or opportunity for Kar-iuki to explain her failure to include corroborating evidence as to the Mungiki’s practice in 1972. The IJ similarly failed to provide Kariuki with a “reasonable opportunity to offer an explanation of any perceived inconsistencies” as to the date of the FGM. Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999).
The BIA further erred in upholding the IJ’s adverse credibility determination on the basis of Kariuki’s affirmative admission that her asylum application was false, and because her former counsel failed to file an amended application. We have “recognized that preparers, whether lawyers or non-lawyers, are not always scrupulous.” Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir.2003) (citing Garrovillas v. INS, 156 F.3d 1010, 1014 (9th Cir.1998)). Here, Kariuki immediately informed the IJ that the information in the application was not true, and explained that the application had been completed and submitted by an unscrupulous prepar *362 er, who had “stretched the facts without informing [her].” Garrovillas, 156 F.3d at 1014. Moreover, her “revised story served to lessen the degree of persecution [she] experienced, rather than to increase it.” Id. Because “[inconsistencies due to an unscrupulous preparer, without other evidence of dishonesty ... do not provide a specific and cogent basis for an adverse credibility finding,” Alvarez-Santos, 332 F.3d at 1254, we conclude that the BIA’s adverse credibility finding was not supported by substantial evidence.
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We note that failure to file an appeal brief before the BIA constitutes a basis for ineffec *361 tive assistance of counsel. Singh v. Ashcroft, 367 F.3d 1182, 1185 (9th Cir.2004).