**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS FRANCISCO SOLORZANO-
MATEO,

              Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 08-71396

Agency No. A095-657-042

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2012
Pasadena, California

Before: FERNANDEZ and BERZON, Circuit Judges, and HERNANDEZ, District
Judge.[**]

    Luis Francisco Solorzano-Mateo ("Solorzano"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Marco A. Hernandez, District Judge for the U.S.
District Court for Oregon, sitting by designation.

order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted in absentia. We review the BIA's denial of a motion to reopen for abuse of discretion, *He v. Gonzales*, 501 F.3d 1128, 1130 (9th Cir. 2007), and we grant the petition for review.

Solorzano filed a motion to reopen his in absentia removal proceedings, stating that there "[wa]s no indication that [the] notice of hearing was ever mailed" to him in the first place. He included with his motion a signed declaration stating that he never received the NOH. The IJ denied Solorzano's motion to reopen, finding that the "[immigration] [c]ourt sent th[e] notice" by regular mail to Solorzano's provided address, and that therefore "effective delivery" could be presumed. The BIA agreed and dismissed Solorzano's appeal of the IJ's decision, stating that "the record reflects that the Notice of Hearing [] was sent to [Solorzano] by regular mail [] to the address he provided." Thus, the BIA squarely addressed this issue. The exhaustion of administrative remedies requirement was therefore met. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008).

Section 240(b)(5)(A) of the Immigration and Naturalization Act (INA) provides:

Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by *clear, unequivocal, and convincing evidence that the written notice was so provided* and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided . . . .

8 U.S.C. §§ 1229a(b)(5)(A) (emphasis added); *see also* § 1229(c) ("Service by mail . . . shall be sufficient if there is *proof of attempted delivery* to the last address provided by the alien.") (emphasis added). Here, there is almost no evidence in the record to support the BIA's conclusion that the immigration court mailed Solorzano's NOH to him at this last provided address.

Other than the date stamp, the Certificate of Service is largely inscrutable. At most, the "(M)" indicating service by mail may have been partially circled. Though there is a small mark outside of the checkbox indicating service to "ALIEN c/o Custodial Officer," it may have been simply a stray mark, and Solorzano was not in custody at the time the NOH issued; the form therefore indicates either an improper addressee or no addressee. The faint markings near the "Court Staff" line give no indication as to who (if anyone) attempted to send the notice. In short, the markings on the Certificate do not provide "clear, unequivocal and convincing evidence" that the NOH was mailed.

3

Nor does the fact that Solorzano's correct address was included on the front of the NOH establish that the document was, in fact, sent to him. At most, including Solorzano's address suggests that the immigration court might have used the same address *had* it mailed the notice. But without any other evidence to suggest the immigration court did so, the government has not met its burden of proof with regard to its heightened notice obligation.

The BIA has explained that "[w]here a . . . Notice of Hearing is properly addressed *and sent* by regular mail *according to normal office procedures*, there is a presumption of delivery." *Matter of M-R-A*, 24 I. & N. Dec. 66, 2008 WL 4763228 (BIA 2008) (emphasis added). Once again, however, the record lacks any evidence to suggest that Solorzano's NOH was sent according to normal office procedures, or even what normal office procedures were.

Finally, Solorzano's declaration attesting to non-receipt provided some evidence that the NOH was *not* mailed, *see Sembiring v. Gonzales*, 499 F.3d 981, 988 (9th Cir. 2007), further undermining the adequacy of the scant evidence of mailing.

Accordingly, the BIA abused its discretion when it found the evidence sufficient to establish proper mailing of Solorzano's NOH and dismissed his appeal.

PETITION FOR REVIEW GRANTED; REMANDED.