

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE YURI PEREZ-ROJAS, AKA Jorge Yuri Perez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-70405 <br><br> Agency No. A073-847-494 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2016
Pasadena, California

Before: REINHARDT, TASHIMA, and PAEZ, Circuit Judges.

Jorge Perez-Rojas ("Perez-Rojas"), a native and citizen of Peru, petitions for

review of his 2014 removal order. The Board of Immigration Appeals ("BIA")

adopted and affirmed the Immigration Judge's ("IJ") decision finding Perez-

Rojas's 2012 testimony incredible and denying his application to adjust status

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

finding him inadmissible under INA § 212(a)(3)(E)(iii) ("torture bar") for having committed acts of torture while in the Peruvian military. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny Perez-Rojas's petition for review in part, grant in part, and remand to the BIA.

1. Credibility

We review the IJ and BIA's adverse credibility finding for substantial evidence. *See e.g.*, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). "Under the substantial evidence standard, an adverse credibility finding is 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011)). However, where an IJ or the BIA bases its adverse credibility on inconsistencies between a petitioner's accounts, the adverse credibility ruling will only be upheld if the identified inconsistencies go to the heart of the claim.[1] *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (superseded by statute). Finally, "[a]n adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency." *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) (superseded by statute on other

[1] Perez-Rojas filed his application prior to May 11, 2005, and therefore the new standards related to credibility determinations promulgated under the REAL ID Act of 2005 do not apply to this case.

grounds).  Where, as here, the BIA expressly adopted and affirmed the decision of the IJ, but also added its own reasons, we review both the IJ's and the BIA's decisions.  *See, e.g.*, *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).

Perez-Rojas challenges the IJ's adverse credibility finding on two grounds.  First, he asserts that the IJ based his adverse credibility finding on inconsistencies that did not to go the heart of his adjustment of status claim.  Second, he argues that the IJ erred when he failed adequately to address his explanation for what he argues is the single-material inconsistency in his testimony—whether he committed acts of torture while serving in the Peruvian military.

Perez-Rojas's contentions are unavailing; substantial evidence supports the IJ's and BIA's adverse credibility finding.  First, the IJ found Perez-Rojas's 2012 testimony not credible because it was "marked with vagueness, contradiction, and implausible explanations."  The IJ detailed these ambiguities and inconsistencies in his decision.  The inconsistencies identified by the IJ were material because they were related to his military service which was at issue.  Second, while Perez-Rojas offered a plausible explanation as to why his testimony regarding his personal involvement in acts of torture had changed between 2001 and 2012, both the IJ and the BIA addressed why they found this explanation unconvincing.  *Contra Kaur*, 379 F.3d at 887.

3

### 2. Coercion/Duress Exception to the Torture Bar

Although we affirm the agency's adverse credibility finding, we nevertheless grant Perez-Rojas's petition for review in part and remand to the BIA. Following argument, we ordered supplemental briefing on an issue not addressed in the opening brief, i.e., whether there is a coercion/duress exception to the torture bar (INA § 212(a)(3)(E)(iii)), *see Negusie v. Holder*, 555 U.S. 511 (2009), and if so, whether it should apply to Perez-Rojas. In its supplemental brief, the government argues that Perez-Rojas failed to exhaust administrative remedies on the issue of coercion/duress and we therefore lack jurisdiction to consider this issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We disagree; Perez-Rojas satisfactorily raised the issue in his brief on appeal to the BIA. *See, e.g.*, *Vizcarra–Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir.2008).

Having found Perez-Rojas's 2012 testimony not credible, the IJ relied on his testimony from 2001 to determine his eligibility for adjustment of status. In 2001, the IJ found his testimony credible and that determination was not challenged by the parties nor disturbed by the BIA on appeal. On the basis of his 2001 testimony, the IJ concluded that Perez-Rojas was ineligible to adjust status because he had committed acts of torture while serving in the Peruvian military. However, during his 2001 testimony, Perez-Rojas testified that he probably would have been killed

4

or put in prison if he refused to obey his commanding officer's orders to torture people. Moreover, it appears that while Perez-Rojas served in the military, he did so as the lowest possible rank of soldier. As a result, and in light of the concerns expressed by the Court in *Negusie* relating to the persecutor bar, there are strong arguments that the torture bar should be interpreted to recognize an exception for someone who is coerced or acts under duress when committing acts of torture.

In *Negusie*, the Supreme Court held that the BIA erred in assuming that the persecutor bar applied even if the individual's participation in persecution "was coerced or otherwise the product of duress." 555 U.S. at 514. In turn, "because there is substance to both" the idea that a coercion/duress exception exists and the idea that it does not, the Court remanded to the BIA to determine whether the persecutor bar should consider the voluntariness of the individual's conduct. *Id.* at 517, 524. Given that the text of the torture bar is nearly identical to that of the persecutor bar, *Negusie* likewise compels the BIA to consider whether there is a coercion/duress exception to the torture bar. *See Negusie*, 555 U.S. at 524. This is true, especially, here, where Perez-Rojas testified credibly that he was likely facing death or imprisonment if he did not follow his superior's orders. Moreover, in 2012, the IJ made an alternative finding that if Perez-Rojas were not inadmissible under the torture bar, he would, as a matter of discretion, grant the respondent

5

relief in the form of adjustment of status. As a result, whether there is an exception to the torture bar is of paramount importance for Perez-Rojas.

In sum, we deny Perez-Rojas's petition for review in part, grant it in part, and remand to the BIA to address in the first instance whether there is a coercion/duress exception to the torture bar (INA § 212(a)(3)(E)(iii)). Further, if the BIA concludes that there is a coercion/duress exception to the torture bar, it should also address whether, on the existing record, such an exception would apply to Perez-Rojas or the matter should be remanded to the IJ for further fact-finding. **Petition DENIED in part, GRANTED in part, and REMANDED.**