NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER FLORES MEDINA, | No. 16-73010 |
| Petitioner, | Agency No. A077-057-256 |
| v. | |
| JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2018
Pasadena, California

Before: BEA and MURGUIA, Circuit Judges, and MOLLOY,** District Judge.

Petitioner Francisco Javier Flores Medina ("Flores"), a citizen of Mexico,

appeals the Board of Immigration Appeals' ("BIA") dismissal of her appeal from

the Immigration Judge's ("IJ") decision that she does not qualify for asylum,

withholding of removal, or Convention Against Torture ("CAT") protection.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Flores argues the BIA erred by failing to consider separately her transgender identity; by concluding she did not suffer past persecution and did not establish a well-founded fear of future persecution so as to be eligible for asylum or withholding of removal; by conducting an inadequate country conditions analysis; and by concluding she did not qualify for protection under the CAT.

The BIA had jurisdiction to review the IJ's decision under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA reviewed the IJ's decision de novo, and did not expressly adopt any part of it, our review is limited to the BIA's decision.[1] *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010). The petition is granted on the limited grounds that the BIA did not consider separately Flores's transgender identity and did not consider whether Flores's treatment following arrest by the Mexican police constituted past persecution or showed a reasonable possibility she would be targeted in the future. It is denied in all other respects.

## I. Transgender analysis

Flores exhausted her claim that the BIA erred by failing to consider separately her transgender identity because her appeal adequately put the BIA on

---

[1] *Sessions v. Dimaya*, 584 U.S. ___ (2018), does not affect the issues in this case. While the IJ concluded Flores's prior conviction was likely a crime of violence barring her eligibility for relief, the BIA assumed the bar did not apply and addressed Flores's claims on the merits.

notice of that issue. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). She was not required to set forth the "specific legal ground for [her] challenge." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008).

The BIA erred because it failed to consider Flores's transgender identity. In *Avendano-Hernandez v. Lynch*, we concluded that "[t]he unique identities and vulnerabilities of transgender individuals must be considered in evaluating a transgender applicant's asylum, withholding of removal, or CAT claim." 800 F.3d 1072, 1082 (9th Cir. 2015). Here, while the BIA addressed Flores's sexual orientation, it did not address the effect of her transgender identity as to her claims for asylum, withholding of removal, and CAT protection. It must do so on remand.

## II. Past persecution

To demonstrate past persecution to support a claim for asylum, Flores must show "(1) h[er] treatment r[ose] to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan*, 592 F.3d at 1023. Substantial evidence supports the BIA's conclusion that Flores did not experience past persecution on account of sexual orientation or mental illness. *See id.* at 1022.

3

Flores testified that as a second grader her hand was burned by bullies and her foot broken, but that the culprits were suspended "for a few days" as punishment. Assuming the injuries and bullying were "on account of" her sexual orientation, the record does not compel the conclusion that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan*, 592 F.3d at 1023.

Substantial evidence also supports the BIA's conclusion that Mexican police arrested Flores in 2010 because she was yelling and acting out in the street, not because she was gay and dressed as a woman, nor because she suffers from schizophrenia. Although the incident occurred while Flores was dressed as a woman outside a gay dance, these facts alone do not compel the conclusion that her sexual orientation was one central reason she was targeted. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017). Nor does the evidence compel the conclusion that one central reason for her arrest was because she suffers from schizophrenia, as Flores testified she had been mixing alcohol with her Haldol and Cogentin. But Flores also testified that she was unlawfully detained for several hours and beaten by the Mexican police. Substantial evidence supports the BIA's conclusion that Flores's initial arrest was not based on a protected ground. However, on remand, the BIA must consider whether the

4

Mexican police's actions after arrest constituted past persecution based on her asserted protected grounds, especially her claim of transgender identity.

## III. Future persecution

To show that "the objective risk of future persecution is high enough to merit relief," Flores may show either "that there is a 'reasonable possibility' that [s]he will be 'singled out individually for persecution' if removed," or "that there is a systematic 'pattern or practice' of persecution against the group to which [s]he belongs in h[er] home country, such that, even without any evidence of individual targeting, h[er] fear of persecution is deemed reasonable." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

As to specific targeting, substantial evidence supports the BIA's conclusion that Flores did not demonstrate that her arrest by Mexican police was on account of her sexual orientation or mental illness. As such, the facts surrounding the initial arrest do not compel the conclusion that Flores has a well-founded fear of individual future persecution on those grounds. As stated, however, the BIA must consider whether the detention and beating after Flores's arrest constituted past persecution that might also support her argument of specific targeting on account of her sexual orientation and transgender identity.

As to pattern and practice, while the record contains a number of indications that individuals who identify as gay face discrimination in Mexico, that evidence

5

does not compel the conclusion that Flores has a reasonable fear of future persecution. Similarly, while Flores argues that individuals who are gay face obstacles in obtaining mental health treatment, the record does not compel a finding that Flores faces a well-founded fear of future persecution on account of her schizophrenia.

## IV. Withholding of removal

"A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016). Because Flores has not shown she qualifies for asylum on account of her sexual orientation and mental illness, her withholding of removal claim also fails as to those grounds.

## V. Analysis of country conditions

The BIA conducted an adequate analysis of country conditions in Mexico as to mentally ill and gay persons. To the extent the BIA was required to discuss explicitly those conditions, *see Marcos v. Gonzales*, 410 F.3d 1112, 1120–21 (9th Cir. 2005) (holding that a finding that *changed* country conditions render fears of persecution less than well-founded requires an individualized analysis), the record does not compel the conclusion that Flores will be persecuted on account of her sexual orientation or mental illness.

## VI. CAT eligibility

6

To establish she is eligible for relief under the CAT, Flores must show "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

Substantial evidence supports the BIA's conclusion that Flores did not experience past torture in Mexico. While Flores was arrested and beaten by the police, the record does not compel the conclusion that the beating rose to the level of "severe pain or suffering" necessary for a torture finding. 8 C.F.R. § 208.18(a)(1). However, as to future torture, while the record does not compel the conclusion Flores faces torture because of her mental illness and sexual orientation, the BIA erred by failing to assess the effect of Flores's transgender identity. *See Avdendano-Hernandez*, 800 F.3d at 1082.

**PETITION GRANTED IN PART and REMANDED to the BIA for the limited purpose of assessing the effect of Flores's transgender identity on her claims for asylum, withholding of removal, and CAT protection, and for considering whether her treatment following arrest by the Mexican police constituted past persecution or showed a reasonable possibility she would be targeted in the future.**