**NOT FOR PUBLICATION**

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA LUZ MACIAS RODRIGUEZ, | No. 16-73477 |
| Petitioner, | Agency No. A096-867-056 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, PAEZ, Circuit Judge, and FEINERMAN,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

Maria Luz Macias Rodriguez, a native and citizen of Mexico, petitions for review a decision by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

Contrary to Macias's argument, the IJ did provide proper notice that additional corroboration was required before denying her application for deferral of removal under CAT.[1]  *See  Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011) (holding that an IJ may require corroborative evidence, but must provide the applicant appropriate notice).  With respect to her fear of her ex-partner and the Zetas drug gang, the IJ provided notice on numerous occasions.  The IJ explicitly

---

[1]  The government argues that Macias did not exhaust this issue.  However, Macias challenged the IJ's overall denial of CAT protection, which provided the BIA an opportunity to correct any notice errors connected to this claim. *See Zhi v. Holder*, 751 F.3d 1088, 1094 n.5 (9th Cir. 2014).  And the BIA effectively addressed the notice issue in its opinion when it held that "the transcript of record reflects that the presiding Immigration Judge repeatedly informed the respondent of the types of evidence that she should consider presenting" and that the IJ "properly conducted the hearing and developed the record." *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) ("[W]e do not employ the exhaustion requirement in a formalistic manner, but rather inquire into whether the issue was before the BIA such that it had the opportunity to correct its error.").  Thus, we conclude that the claim was administratively exhausted, and that we have jurisdiction over the petition for review.

informed Macias that the corroborating documents were necessary to sustain her CAT claim, and the record indicates that she understood this requirement.

The IJ was not required to provide notice with respect to her fear of the drug traffickers for whom she worked because any corroborating evidence would have been futile. Macias testified that she feared the drug traffickers, but that they had not tried to contact her in approximately five years. Corroborating evidence would not have impacted the IJ's determination that there was no reason to believe that they would target her at this point. Accordingly, because corroboration was unnecessary, notice was unnecessary.[2]

**PETITION DENIED.**

---

[2] Macias does not argue that the IJ erred, on the merits, in denying her CAT relief—*i.e.*, that the evidence she *did* provide compelled the conclusion that she met her burden of proof in support of CAT. Accordingly, we need not and do not address this issue. *See Tampubolon v. Holder*, 610 F.3d 1056, 1058 n.3 (9th Cir. 2010) (concluding that the petitioner waived CAT claim by failing to advance any arguments in favor of relief).

*Maria Macias Rodriguez v. William Barr, 16-73477*

FEINERMAN, District Judge, dissenting:

I respectfully dissent from the court's denial of Macias's petition for review, and instead would dismiss the petition for lack of jurisdiction.

This court has jurisdiction only if Macias "exhausted all administrative remedies available to [her] as of right." 8 U.S.C. § 1252(d)(1); *see Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) ("[I]ssue exhaustion is a jurisdictional requirement."). Although "we do not employ the exhaustion doctrine in a formalistic manner," we do "require[] that the petitioner put the BIA on notice as to the specific issues so that the BIA has an opportunity to pass on those issues." *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (alterations and internal quotation marks omitted). "That is why a general challenge to the IJ's decision will not satisfy the exhaustion requirement … ." *Ibid*.

Macias failed to exhaust the only issue raised in her petition for review: whether the IJ provided her with proper notice that she needed to submit corroborating evidence beyond her testimony. Nothing Macias presented to the BIA could have put it on notice of that issue. Neither her notice of appeal nor her brief to the BIA argued that the IJ failed to give her notice that she needed to submit corroborating evidence—indeed, neither submission said anything about

1

corroboration or credibility, except to mention that the IJ did not make a credibility determination.

The court concludes that Macias exhausted the notice issue before the BIA when "she challenged the IJ's overall denial of CAT protection." *Supra*, at 2 n.1. But challenging the IJ's overall denial of CAT protection is quintessentially "a general challenge to the IJ's decision." *Figueroa*, 543 F.3d at 492. That challenge is nothing like the challenge we found exhausted in *Zhi v. Holder*, 751 F.3d 1088 (9th Cir. 2014). There, we held that the petitioner's challenge before the BIA to "the IJ's overall credibility determination" exhausted the notice issue because the "notice requirement is a sub-part of that overall determination." *Id.* at 1094 n.5 (internal quotation marks omitted). Here, by contrast, Macias did not present to the BIA any issue related to the IJ's credibility determination—which stands to reason, as the IJ did not determine whether her testimony was credible. Rather, Macias raised specific procedural issues unrelated to the notice issue and argued that the IJ's denial of CAT protection was incorrect on the merits. It is one thing to say, as we did in *Zhi*, that challenging a credibility or corroboration determination with which the notice issue is inextricably intertwined puts the notice issue in play. *See ibid.* (explaining the links among credibility, corroboration, and notice). But it is quite another to say, as the court does here, that generally challenging the IJ's denial of CAT protection on the merits gives the BIA "an opportunity to pass on"

2

any issue that might possibly have come up, but in fact did not come up, along the way.

The court alternatively concludes that the BIA addressed the notice issue on the merits. True, "claims addressed on the merits by the BIA are exhausted." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). But the portions of the BIA's opinion quoted by the court do not address any argument directed to the notice issue. The BIA framed the relevant discussion by noting that as to her application for CAT protection, Macias "has raised *only one issue* on appeal": whether, because she had proceeded *pro se*, the IJ should have admitted State Department Country Reports *sua sponte*. There is no reason to think that the BIA meant to address anything more than that "one issue" in the subsequent paragraphs, particularly given that the cited authorities relate only to an IJ's duty to develop the record when an applicant proceeds *pro se*.

Because Macias failed to exhaust the notice issue before the BIA, we lack jurisdiction. I therefore would dismiss, not deny, the petition.