**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS E. ZELAYA MENDEZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-71091 <br><br> Agency No. A215-548-691 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2020
Pasadena, California

Before: NGUYEN, HURWITZ, and FRIEDLAND, Circuit Judges.

Carlos Zelaya Mendez, a native and citizen of Honduras, petitions for review

of a decision of the Board of Immigration Appeals ("BIA"), which affirmed

without opinion an order of an immigration judge ("IJ") denying applications for

asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under

the Convention Against Torture ("CAT"). We grant the petition in part, deny it in

part, and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** We grant the petition with respect to Zelaya's CAT claim and remand for further proceedings. The IJ's denial of CAT relief rested largely on two premises, each of which was tainted by legal error.

*First*, the IJ reasoned that Honduran officials had never turned a "blind eye" or "look[ed] the other way" when confronted with information about Zelaya's torture at the hands of the 18th Street gang. This conclusion rested in significant part on the IJ's determination that Zelaya "provided conflicting information" as to whether he had stopped at a police station and been laughed at by a police officer when he pleaded for help after escaping his captors and before fleeing Honduras. To the extent this amounted to a partial adverse credibility finding—which would undercut the IJ's overall conclusion that Zelaya had testified credibly—it did not adhere to "our longstanding requirement that adverse credibility findings be explicit." *Ming Dai v. Sessions*, 884 F.3d 858, 868 (9th Cir. 2018). Moreover, such a determination would contravene the "well established" rule "that 'the mere omission of details is insufficient to uphold an adverse credibility finding.'" *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014) (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005)). The "conflicting information" identified by the IJ amounted to no more than an omission of details from a short letter written by Zelaya in which those omitted details were, in context, not very relevant.

*Second*, although the IJ acknowledged that the evidence submitted by Zelaya

"show[ed] a tremendous amount of violence and crime in Honduras and sp[oke] to corruption of the . . . police," she reasoned that the evidence also showed the Honduran government was "actively combating" the gangs. The IJ did not, however, sufficiently examine "the efficacy of the government's efforts" to combat gang violence and police corruption. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). The IJ's order instead includes only selective references to portions of the country conditions materials which, standing alone, are insufficient to support a conclusion that the Honduran government has been effective.

In light of these errors in the evaluation of Zelaya's CAT claim, we remand to the BIA for further proceedings, including, if appropriate, remand to the IJ. *See Lopez v. Ashcroft*, 366 F.3d 799, 805-07 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam)).

**2.** We deny the petition with respect to asylum and withholding of removal because substantial evidence supports the IJ's conclusions that Zelaya did not establish a sufficient connection between past persecution and either his "membership in a particular social group" or a "political opinion" that was imputed to him. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A), 1231(b)(3)(A).

With respect to Zelaya's contention that he was persecuted on account of his membership in a "particular social group," the record does not compel the conclusion that Zelaya's proposed group is recognized by Honduran society and

thereby meets the "social distinction" requirement—regardless of whether that group is defined as "a civilian group that opposes the gang" (as the IJ understood it) or "civilians that oppose the gangs by refusing to pay extortion" (as Zelaya contends it should have been understood). *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242-44 (9th Cir. 2020).[1]

With respect to Zelaya's contention that he was persecuted on account of a "political opinion," the record does not compel the conclusion that Zelaya's "persecutors' motives" were tied to a political opinion they imputed to him. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Although the evidence to which Zelaya points could be consistent with the gang having targeted Zelaya because they believed he held political views contrary to their own, the evidence is also consistent with targeting solely "for economic and personal reasons." *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (quoting *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008)), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). The IJ could therefore reasonably draw the conclusion that she did.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN**

---

[1] We disagree with the Government that we must dismiss Zelaya's "particular social group" contention on the basis that it was not properly exhausted before the agency. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) (explaining that exhaustion does not require petitioners to raise their "*precise* argument" in administrative proceedings).

**PART; REMANDED.**