**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUANGMING ZHAI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   16-72888

Agency No. A087-734-888

MEMORANDUM[*]

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted May 19, 2022[**]
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Guangming Zhai ("Zhai"), a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' ("BIA's") order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

dismissing his appeal of the Immigration Judge's ("IJ's") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Zhai challenges the agency's adverse credibility finding (which resulted in the denial of his application for asylum and withholding of removal) and the denial of his application for relief under the CAT. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition for review in part and deny it in part.

We review questions of law de novo, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and we review the agency's factual findings, including adverse credibility determinations, for substantial evidence, *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).

1. The agency relied on two factors in concluding that Zhai was not credible: (1) the implausibility of his statement that he called the police station more times than there were weeks when he could have done so; and (2) Zhai's initial failure to detail the beating that occurred in May 2009 during the second interrogation, when he suffered multiple kicks and hits by an electric baton.

2. We lack jurisdiction to consider Zhai's challenge to the agency's first ground because he failed to exhaust this argument on appeal before the BIA. Zhai challenged the IJ's adverse credibility finding, but he did not challenge the agency's

reliance on the police station calls or the IJ's failure to allow him to explain his statements. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004))); *Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."); *see also Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (holding that the petitioner must raise the argument before the BIA such that he has "sufficient[ly] . . . put the BIA on notice that he was challenging [the issue]" and the BIA had "'an opportunity to pass on th[e] issue.'" (citation omitted)).

3. As for the second ground, the IJ's finding that Zhai was not credible based on his initial failure to detail the beating that occurred in May 2009 during the second interrogation, when he suffered multiple kicks and hits by an electric baton, is supported by substantial evidence.

Zhai's testimony before the IJ was materially inconsistent in key respects with his asylum declarations and his interview with an asylum officer, and he omitted key

information that constituted a material alteration of his account of persecution.[1]

*Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application." (alteration in original) (quotation omitted)). At his 2014 hearing before the IJ, Zhai mentioned for the first time that the police used an electric baton on him while he was detained. But he omitted this fact from his October 1, 2009 and October 18, 2012 asylum declarations and his November 12, 2009 interview with an asylum officer. The IJ was entitled to reject Zhai's explanations for failing to disclose this mistreatment earlier: that he forgot about the incident, and that he was nervous during the interview with the asylum officer. Zhai wrote his declaration on October 1, 2009, fewer than three months after arriving in the United States. A reasonable person would expect the details of Zhai's May 2009 interrogation to have been fresh on his mind. *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1254 (9th Cir. 2003) ("It is simply not believable that an applicant for asylum would fail to remember, and thus to include in either of his two asylum applications or his principal testimony, a

---

[1] While the "mere omission of details is insufficient to uphold an adverse credibility finding," *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005) (citation omitted), omissions can be a basis for an adverse credibility finding, *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that IJ may rely on any relevant factor); *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014).

dramatic incident in which he was attacked, stabbed, and fled to the mountains—the very incident that precipitated his flight from Guatemala . . . ." (emphasis omitted)). The asylum officer interviewed Zhai on November 12, 2009, fewer than four months after his arrival. A reasonable person would likewise expect that, had Zhai actually endured electroshock, he would have said so in his asylum declarations and would have told the asylum officer who interviewed him because it strengthened his case.

The agency properly relied on these omissions. *E.g.*, *Silva-Pereira*, 827 F.3d at 1186 ("These are not trivialities, but 'pivotal event[s]' that were 'crucial to establishing' that Silva actually suffered persecution as a result of his political opinion."); *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) ("It strains credulity to believe that [petitioner] would fail to mention in either his asylum applications or his previous sworn testimony the alleged death of a stillborn child — the very incident that supposedly formed the basis for the Chinese government's alleged sterilization attempt" (alteration in original) (quoting *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir. 2003))).

Zhai was unable to explain these material inconsistencies, despite being afforded the opportunity to do so. The IJ's adverse credibility determination is supported by substantial evidence. And absent credible supporting testimony,

substantial evidence supports the agency's denial of asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

4.      Substantial evidence also supports the agency's denial of Zhai's application for CAT relief because Zhai failed to show that it is more likely than not that he would be tortured by, or with the consent or acquiescence of, the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION DISMISSED IN PART and DENIED IN PART**.