UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERTO PUPO DIAZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-71321

Agency No. A201-564-247

ORDER

Before: BADE and LEE, Circuit Judges, and CARDONE,* District Judge.

The memorandum disposition filed on May 11, 2022, is amended as follows:

On page 5, footnote 3, replace <granted. Diaz's removal is stayed pending a decision by the BIA.> with <denied as moot.>.

The Clerk shall file the amended memorandum disposition submitted with this Order. Respondent's petition for panel rehearing, Dkt. 48, is DENIED as moot. No further petitions for rehearing may be filed.

---

* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO PUPO DIAZ,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>               Respondent. | No.   20-71321<br><br>Agency No. A201-564-247<br><br><br>AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2022
Pasadena, California

Before:  BADE and LEE, Circuit Judges, and CARDONE,[**] District Judge.

Alberto Pupo Diaz petitions for review of the Board of Immigration

Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) denial

of his applications for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

1

We review legal issues de novo and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we grant the petition in part, deny it in part, and remand.

While in Cuba, Diaz worked at a government-owned coffee factory.[1] He objected to working conditions at the factory, and in March 2018, he was accused of "insubordination and defamation," by government officials. Months later, in October 2018, two Cuban police officers threatened Diaz near his home. In January 2019, two officers beat Diaz because of his workplace conduct and friendship with a member of the opposition party in Cuba. Diaz sought medical attention after the beating and missed one week of work due to back pain.

1. Substantial evidence supports the BIA's conclusion that Diaz did not suffer past persecution. *See Gu v. Gonzalez*, 454 F.3d 1014, 1017–22 (9th Cir. 2006) (holding that the record did not compel a finding of past persecution when a petitioner was detained for three days, struck on the back ten times with a rod, and interrogated in a room filled with instruments of torture); *Prasad v. I.N.S.*, 47 F.3d 336, 339–40 (9th Cir. 1995) (holding that the record did not compel the conclusion that a petitioner suffered past persecution when he was detained for four to six

---

[1] Before this, Diaz attended university in Cuba. He was expelled for failing to complete a final project, although he speculates that his criticism of Cuba's economic and educational systems played a role in his expulsion.

hours, hit and kicked by police, and targeted by assailants who threw rocks at his house and attempted to steal his property).

Diaz argues that the agency failed to consider the cumulative effect of his increasingly negative encounters with the Cuban government. We disagree. The IJ considered both police encounters. The IJ acknowledged Diaz's "criticism of government leaders" and Cuba's "failing system," as well as Diaz's effort to tie the October 2018 threat to the March 2018 workplace incident. But the IJ found it illogical to link the October 2018 threat to an incident that occurred more than six months prior. The IJ considered Diaz's work history, observing that he had raised many grievances and had been sanctioned but otherwise worked at the factory for nine years without incident. While Diaz is correct that the IJ did not explicitly consider his expulsion from university, the record suggests that he was expelled because he failed to complete a final project, and Diaz did not identify any other incident that occurred at university. We thus conclude that the agency adequately considered the cumulative effect of the harm Diaz suffered. *See Padash v. I.N.S.*, 358 F.3d 1161, 1165–66 (9th Cir. 2004).

2.    Diaz's asylum claim does not end there because "[a] petitioner who cannot show past persecution might nevertheless be eligible for relief if he instead shows a well-founded fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (citation omitted). To be well-founded, Diaz's fear must be

3

"subjectively genuine and objectively reasonable." *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (citation omitted). Diaz's credible testimony satisfies the subjective component. *See id.* The agency erred in assessing the objective component because it did not consider Diaz's fear based on his alleged status as a deserter.[2] *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner."); *cf. Rodriguez-Roman v. I.N.S.*, 98 F.3d 416, 429–30 (9th Cir. 1996) ("[A]n asylum applicant who left his country because of his political opinions and who faces severe punishment for the crime of illegal departure has established that he is subject to persecution . . . .").

Diaz testified that he is afraid to return to Cuba because he has been "accused" or "flagged in the system as a deserter." Although the IJ acknowledged that Diaz is afraid to return to Cuba because "he would be accused of deserting his country," the IJ never assessed whether such fear constitutes a well-founded fear of future persecution. The BIA simply adopted the IJ's reasoning. We therefore grant the petition on this ground and remand so that the BIA can properly evaluate whether Diaz established a well-founded fear of future persecution based on his status as a deserter. *See I.N.S. v. Ventura*, 537 U.S. 12, 16–17 (2002).

---

[2] Diaz exhausted this issue by sufficiently raising it to the BIA. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) ("[P]ro se claims are construed liberally for purposes of the exhaustion requirement.").

3.    The BIA also erred in evaluating Diaz's CAT claim. "The regulations implementing CAT explicitly require the IJ to consider 'all evidence relevant to the possibility of future torture.'" *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010) (quoting 8 C.F.R. § 208.16(c)(3)). "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). The IJ and BIA did not consider the likelihood that Diaz will be tortured as a deserter if returned to Cuba. *See Parada v. Sessions*, 902 F.3d 901, 915 (9th Cir. 2018) ("Relevant evidence includes the petitioner's testimony and country conditions evidence."). We therefore grant the petition on this additional ground and remand to allow the BIA to evaluate Diaz's CAT claim by considering the aggregate risk of torture arising from all sources.

    **GRANTED IN PART, DENIED IN PART, REMANDED.**[3]

---

[3] The motion for a stay of removal is denied as moot.