**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSE PEREZ-MAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   21-588

Agency No. A201-906-126

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2023
Seattle, Washington

Before: McKEOWN, BYBEE, and DESAI, Circuit Judges.

Jesse Perez-Mar, a citizen of Mexico, seeks review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ)

denial of asylum, withholding of removal, and protection under the Convention

Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252(a), and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismiss in part and deny in part the petition.

1. Asylum and Withholding of Removal. We may review a final order of removal only if the noncitizen "has exhausted all administrative remedies available . . . as of right." *Id*. § 1252(d)(1). If a petitioner fails to present a claim in the administrative proceedings below, we lack subject matter jurisdiction to consider the merits of that legal claim. *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011).

Here, the IJ concluded that Perez-Mar failed to establish a nexus between the threat of persecution and his proposed particular social groups (PSGs). On appeal to the BIA, Perez-Mar mentioned the IJ's nexus determination in the facts section of his brief. But his argument section neglected to address any of the IJ's nexus findings, nor did he argue anywhere in his brief that those findings were incorrect. The BIA found that Perez-Mar failed to meaningfully challenge the IJ's nexus conclusion and therefore considered the issue waived.

Perez-Mar nevertheless asserts that his argument to the BIA that his proposed PSGs were legally cognizable was sufficient to raise the nexus issue under *Zhang v. Ashcroft*, 388 F.3d 713 (9th Cir. 2004). We disagree. "[T]he inquiry into whether a group is a 'particular social group' is distinct from the inquiry into the 'nexus' requirement, which considers whether a person is

2

persecuted 'on account of' membership in a particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 (9th Cir. 2016) (citation omitted). Arguments about PSG cognizability, therefore, did not put the BIA on notice that Perez-Mar was appealing the unmentioned nexus determination.

Furthermore, we have consistently held that the core requirement of exhaustion is that "the agency ha[ve] an opportunity to pass" on the relevant issue. *Zhang,* 388 F.3d at 721; *see also Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980–81 (9th Cir. 2022); *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008). A fleeting mention of the IJ's nexus determination in the facts section of Perez-Mar's BIA brief does not satisfy the exhaustion requirement.

We therefore lack jurisdiction to consider Perez-Mar's unexhausted nexus argument, 8 U.S.C. § 1252(d)(1), and we need not consider the BIA's decision regarding the proposed PSGs.[1]

2. Relief under the Convention Against Torture. We review the BIA's "legal conclusions de novo." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (emphasis omitted), and the factual bases "for substantial evidence,"

---

[1] We note that Perez-Mar may have grounds to ask the BIA to reopen his proceedings. Should the BIA reopen proceedings, it should analyze the proposed PSGs in accordance with our holding in *Acevedo Granados v. Garland*, 992 F.3d 755 (9th Cir. 2021).

*Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). We may "reverse the BIA only on a finding that the evidence not only supports a contrary conclusion, but compels it." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (citation omitted). Whether an entity has the specific intent to harm is a question of fact. *Guerra v. Barr*, 974 F.3d 909, 913 (9th Cir. 2020). The question of whether abuse or harassment constitutes torture, as defined by federal regulations, is a question of law. *Ridore v. Holder*, 696 F.3d 907, 915–16 (9th Cir. 2012).

"To qualify for relief under CAT, [a petitioner] must demonstrate that it is more likely than not that he would be tortured if removed to Mexico." *Duran-Rodriguez*, 918 F.3d at 1029 (citing 8 C.F.R. § 1208.16(c)(2) and *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001)). And "to establish a likelihood of torture for purposes of the CAT, a petitioner must show that severe pain or suffering was specifically intended—that is, that the actor intend the actual consequences of his conduct, as distinguished from the act that causes these consequences." *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

Even assuming that the institutionalization of mentally ill individuals in Mexico constitutes intentional torture, and that the Mexican government acquiesces to such treatment, Perez-Mar has not established that it is more likely

4

than not that he will be tortured.  Perez-Mar has not experienced past torture.

Perez-Mar supplied statistics showing that only 2.5% of people with severe mental

disorders "receive the necessary care."  But this statistic alone does not suffice to

show that Perez-Mar will face eventual torture.[2]  Taken in the aggregate, Perez-

Mar has not shown that he (a) will be unable to treat his schizophrenia, (b) will

attract the attention of officials, and (c) will ultimately be institutionalized.

Because a petitioner's eventual torture must be "more likely than not" to merit

CAT protection, the BIA did not err when it found that Perez-Mar's claims were

too speculative to merit CAT relief.  *Duran-Rodriguez*, 918 F.3d at 1029 (citing 8

C.F.R. § 1208.16(c)(2)).

**DISMISSED in part and DENIED in part.**

---

[2]  The BIA also found that Perez-Mar did not meaningfully challenge the IJ's finding that petitioner failed to show that his proposed treatment would be unavailable in Mexico, so the BIA deemed this issue "waived."