NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO JACUINDE MEDINA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1191

Agency No.
A205-464-461

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2023**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Francisco Jacuinde Medina, a native and citizen of Mexico, petitions for

review of the denial of his applications for cancellation of removal, withholding

of removal, and protection under the Convention Against Torture (CAT). An

immigration judge (IJ) denied Petitioner's applications, and the Board of

Immigration Appeals (BIA) dismissed his appeal. We have jurisdiction

---

* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252(a), and we dismiss the petition in part and deny it in part.

Because the parties are familiar with the facts, we do not recite them here. Where, as here, the BIA affirms the IJ, cites to *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), and supplements with its own reasoning, we review both the BIA's and the IJ's decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

1. Petitioner argues that the IJ lacked jurisdiction to conduct the removal proceedings because the Notice to Appear failed to include information about the date and time of the removal proceedings—even though a subsequently filed Notice of Hearing provided the missing information. Petitioner did not substantively brief this argument before the BIA, but the BIA denied it on the merits. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). Further, our decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023), forecloses this jurisdictional argument. There, we held that the omission of the date and time of the hearing on the initial notice to appear does not divest the IJ of subject-matter jurisdiction. 39 F.4th at 1193 & n.7.

2. Petitioner challenges the agency's determination that he is ineligible for cancellation of removal because he failed to demonstrate that removal would result in an exceptional and extremely unusual hardship to his children, who are

2                                                                    21-1191

United States citizens. We lack jurisdiction over this this claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); 8 U.S.C. § 1252(a)(2)(B)(i). Although we retain jurisdiction over colorable questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(D), Petitioner's argument that the agency failed to consider hardship evidence regarding his children is not supported by the record, and his remaining arguments do not amount to colorable legal or constitutional claims that would invoke our jurisdiction. *See Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity." (internal quotation marks omitted)).

3. Petitioner contends that the IJ violated his due process rights by failing to advise him of his eligibility for pre-conclusion voluntary departure. To prevail on a due process challenge, Petitioner must show: (1) his removal proceedings were "fundamentally unfair"; and (2) he suffered prejudice, such that "the outcome of the proceeding may have been affected." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (quotation omitted). Even assuming that Petitioner satisfies the first prong, Petitioner cannot show that he was prejudiced. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013) ("Where an IJ failed to advise an alien of his or her apparent eligibility for relief, the alien must still establish prejudice under the second prong of § 1326(d)(3)." (internal quotation marks and citation omitted)).

A petitioner can seek pre- or post-conclusion voluntary departure. *See* 8 U.S.C. § 1229c(a)(1), (b)(1). Post-conclusion voluntary departure requires

3                                                                                    21-1191

some threshold eligibility showings that pre-conclusion voluntary departure does not. *See id.* Petitioner, represented by counsel, chose to pursue withholding of removal, CAT relief, and post-conclusion voluntary departure. Petitioner has provided no indication that, had the IJ informed him of pre-conclusion voluntary departure, he would have chosen to pursue that relief to the exclusion of the other relief he sought. Additionally, the IJ granted petitioner's request for post-conclusion voluntary departure. Thus, petitioner has not demonstrated prejudice.

4. Petitioner next challenges the agency's determination that he was not entitled to withholding of removal because he could reasonably relocate to another part of Mexico to avoid the harm he feared. *See* 8 C.F.R. § 1208.16(b)(2). Substantial evidence supports the agency's finding that Petitioner could relocate in Mexico to avoid the harm he fears and it would be reasonable for him to do so because Petitioner testified that he could live with his sisters in Baja California to avoid the drug cartels.

5. The agency determined that Petitioner did not establish it is more likely than not that he would be tortured with the consent or acquiescence of a government official if he were removed to Mexico. *See* 8 C.F.R. §§ 208.16(c)(2), 208.17(a), 208.18(a). The record contradicts Petitioner's argument that the agency impermissibly focused on "one factor" to deny CAT relief. The BIA properly considered that Petitioner "was never tortured or otherwise harmed in Mexico," he did "not claim that he will be tortured there by

4                                                                                          21-1191

a public official or other person acting in an official capacity," and he can "relocate to avoid the harm he fears." *See* 8 C.F.R. § 1208.16(c)(3). Substantial evidence supports that determination.

**PETITION DISMISSED IN PART, DENIED IN PART.**